<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **OUSMANE BAH,** | : | |
| Plaintiff, | : | Civil Action No. 20-15018 (MCA) (MAH) |
| v. | : | |
| | : | OPINION |
| **APPLE INC., et al.** | : | |
| Defendants. | : | |
| | : | |

I.     **INTRODUCTION**

This matter comes before the Court on the motion of Defendants Apple Inc. ("Apple"), Security Industry Specialists ("SIS") (collectively "Defendants"), and Plaintiff Ousmane Bah. Joint Notice of Mot. to Seal Exhs., Aug. 11, 2021, D.E. 86, at p. 1. Defendants move to seal confidential information contained in certain exhibits filed in support of or in opposition to four motions. *Id.* at pp. 1-2. While the filing purports to be joint with Plaintiff, Plaintiff objects to several of Defendants' proposed redactions. *See* Index in Supp. of Mot. to Seal, D.E. 86-3. The Court has considered the parties' submissions and, pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, has decided this motion without oral argument. For the reasons set forth below, the Court will grant the motion.

II.     **BACKGROUND**

Plaintiff initiated this action on October 27, 2020 by filing a fourteen-count complaint against Apple, SIS, and other defendants. Pl.'s Compl., Oct. 27, 2020, D.E. 1. Plaintiff alleged

that Apple and SIS – Apple's security service provider – falsely and recklessly accused him of theft, resulting in his wrongful arrest and prosecution.  *Id.* at ¶¶ 202-08.

The parties have filed several motions in this matter, four of which are relevant to the instant application:  (1) Defendants SIS, John Woodruff, and Steven Yhap's (collectively the "SIS Defendants") June 14, 2021 motion to dismiss Plaintiff's First Amended Complaint with prejudice, D.E. 60; (2) the SIS Defendants' June 14, 2021 motion to impose sanctions upon Plaintiff, D.E. 62; (3) Apple's June 14, 2021 motion to dismiss Plaintiff's First Amended Complaint with prejudice, D.E. 65; and (4) Apple's June 14, 2021 motion to impose sanctions upon Plaintiff, D.E. 66.  *See* Notice of Mot. to Seal, D.E. 86, at pp. 1-2.  Plaintiff filed opposing papers, *see* Pl.'s Mem. in Opp., July 6, 2021, D.E. 67; Pl.'s Cross-Mot. for Sanctions, July 6, 2021, D.E. 69, and the parties submitted numerous partially redacted exhibits in relation to those motions.

The parties thereafter conferred and, on August 11, 2021, filed the instant motion to seal confidential information contained in

- Exhibits 5, 6, 7, 8, 9, 10, 11, 12, 15, 16, and 17 of David J. Fioccola's June 14, 2021 declaration filed in support of Apple's motion for sanctions, D.E. 66-7; 66-8; 66-9; 66-10; 66-11; 66-12; 66-13; 66-14; 66-17; 66-18; 66-19;

- Exhibit A of David L. Metzger's June 14, 2021 declaration filed in support of the SIS Defendants' motion to dismiss, D.E. 60-2;

- Exhibits A, C, and E of David L. Metzger's June 14, 2021 declaration filed in support of the SIS Defendants' motion for sanctions, D.E. 62-2; 62-4; 62-6;

- Exhibit A of the SIS Defendants' July 12, 2021 reply brief in support of their motion for sanctions, D.E. 71-1; and

- Exhibit E of Plaintiff's July 6, 2021 memorandum in opposition to Defendants' motion to dismiss, D.E. 68.

*See* Notice of Mot. to Seal, D.E. 86, at pp. 1-2; *see also* Decl. of David J. Fioccola, Aug. 11, 2021, D.E. 86-2, at ¶ 2; Decl. of David L. Metzger, Aug. 11, 2021, D.E. 86-4, at ¶ 2; Decl. of Subhan Tariq, Aug. 11, 2021, D.E. 86-5, at ¶ 2.

The above-referenced materials, apart from Exhibit 17 to Apple's motion for sanctions, D.E. 66-19, fall into two categories: (1) SIS loss prevention incident reports, and (2) incident reports created by various law enforcement agencies investigating thefts at Apple retail stores. Index, D.E. 86-3, at pp. 2-18, 20-41. Exhibit 17 is an excerpt of Plaintiff's New York criminal history report. D.E. 66-19, at p. 2. It also bears noting that the exhibits at issue were produced during discovery in *Bah v. Apple, Inc., et al.*, Civ. No. 19-3539 (S.D.N.Y. filed Apr. 22, 2019) (referred to by the parties as the "New York Action") and are subject to a protective order entered in that matter. Metzger Decl., D.E. 86-4, at ¶¶ 4, 7; Fioccola Decl., D.E. 86-2, at ¶¶ 4-7; Tariq Decl., D.E. 86-5, at ¶ 5; *see also* New York Action, Stipulation & Protective Order, Apr. 30, 2020, D.E. 65.

### III.  DISCUSSION

It is well settled that there is a "common law public right of access to judicial proceedings and records." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001). Accordingly, when a party moves for an order sealing court records in whole or in part, it must demonstrate "good cause" exists to overcome the presumption in favor of public access. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994). Local Civil Rule 5.3(c)(3) sets forth four factors that the Court must consider in determining whether the parties have established good cause:

> (a) the nature of the materials or proceedings at issue;
> (b) the legitimate private or public interest which warrants the relief sought;
> (c) the clearly defined and serious injury that would result if the relief sought is not granted; [and]

3

> (d) why a less restrictive alternative to the relief sought is not available[.]

Each of these factors will be discussed in turn below.

### A. The Nature of the Materials or Proceedings at Issue

To demonstrate the first factor, the parties are required to provide a detailed description of the documents they wish to seal. *Id.*; *see also Horizon Pharma AG v. Watson Lab'ys, Inc.*, Civ. No. 13-5124, 2015 WL 12859244, at *1 (D.N.J. Sept. 14, 2015). In this case, a forty-one-page index was filed in support of the instant motion. *See* Index, D.E. 86-3. The index outlines the information the parties seek to seal, as well as the basis for their requests. *See id.* The Court therefore finds the parties have provided a sufficient description.

Defendants move to seal previously redacted personal identifying information, including, but not limited to, addresses and phone numbers. *Id.* at pp. 1-40; Fioccola Decl., D.E. 86-2, at ¶¶ 5, 9; Metzger Decl., D.E. 86-4, at ¶¶ 5-7. They also wish to seal redactions in the narrative sections of the SIS and law enforcement reports. Fioccola Decl., D.E. 86-2, at ¶¶ 5, 9; Metzger Decl., D.E. 86-4, at ¶¶ 5-7. Plaintiff, on the other hand, proposes to seal a more limited redaction of Exhibit E to his memorandum in opposition to Defendants' motion to dismiss. Index, D.E. 86-3, at p. 40. That exhibit was originally filed entirely under seal, but Plaintiff now seeks to redact and seal only his personal identifying information. *See* Tariq Decl., D.E. 86-5, at ¶ 9; Index, D.E. 86-3, at pp. 40-41.

### B. The Legitimate Private or Public Interest Which Warrants the Relief Sought and the Clearly Defined and Serious Injury that Would Result if the Relief Sought is Not Granted

1. The SIS and Law Enforcement Report Narratives

Defendants contend that disclosure of the reports' narratives without redaction would cause significant harm to both Apple and SIS by "provid[ing] a potential blueprint for future

4

shoplifters" and undermining SIS's security services.  Index, D.E. 86-3, at p. 39; *see also* Metzger Decl., D.E. 86-4, at ¶ 7; Fioccola Decl., D.E. 86-2, at ¶ 6.  Although Plaintiff characterizes Defendants' reasoning as "highly speculative," Index, D.E. 86-3, it is well established that "the confidentiality of business agreements, trade secrets or commercial information are a legitimate private interest." *Goldenberg v. Indel, Inc.*, Civ. No. 09-5202, 2012 WL 15909, at *3 (D.N.J. Jan. 3, 2012); *see also Cendant Corp.*, 260 F.3d at 194.

"[T]he disclosure of this information can be used for the improper purpose of causing harm to [a] litigant's competitive standing in the marketplace." *Goldenberg*, 2012 WL 15909, at *3; *see also Cendant Corp.*, 260 F.3d at 194; *Overton v. Sanofi-Aventis, U.S., LLC*, Civ. No. 13-5535, 2014 WL 1554718, at *2 (D.N.J. Apr. 9, 2014).  The Court therefore agrees that Defendants have a legitimate privacy interest in keeping their confidential business practices from the public, and that they would suffer clear and serious injury if the motion to seal were denied. *Telebrands Corp. v. NewMetro Design, LLC*, Civ. No. 16-1981, 2016 WL 9223920, at *2 (D.N.J. Aug. 4, 2016).  The disclosure of Defendants' loss prevention tactics would undoubtedly undermine their positions in their respective competitive marketplaces. *See id.* Indeed, this possibility was implicitly acknowledged by the Southern District of New York's entry of a protective order in the New York Action. *See* the New York Action, Protective Order, D.E. 65, at § 8(a) (allowing parties to designate "non-public confidential, proprietary, and/or commercially sensitive information" confidential).

The Court is not persuaded by Plaintiff's objection that the reports' narratives are "highly relevant in [their] entirety" for two reasons. *See* Index, D.E. 86-3.  First, an exhibit's sealing pursuant to Federal Rule of Civil Procedure 5.2 and Local Civil Rule 5.3 is not akin to its exclusion at trial under Federal Rule of Civil Procedure 403.  Second, and most importantly,

5

relevance is not a factor in the Court's consideration of the instant motion. *See* Loc. Civ. Rule 5.3(c)(3).

### 2. The Personal Identifying Information

Defendants contend that public access to the personal identifying information they wish to seal would negatively impact the privacy interests of Plaintiff and multiple non-parties. Index, D.E. 86-3. Plaintiff does not contradict Defendants' assertion. Instead, he merely argues Defendants' proposed redactions do not comply with the Civil Rules and "only consents to the redaction of the month and day of Plaintiff's Date of Birth." *See id.* Plaintiff provides no cogent rationale for why Defendants' proposed redactions violate either Federal Rule of Civil Procedure 5.2(a) or Local Civil Rule 5.2(17).

The Court finds the public has no interest in the personal identifying information Defendants move to seal. *Platt v. Freedom Mortg. Corp.*, Civ. No. 10-968, 2013 WL 6499252 (D.N.J. Dec. 11, 2013). Moreover, Plaintiff and the third parties whose personal information are contained in the relevant exhibits have an interest in not having their addresses, phone numbers, and other personal information publicly disclosed. *Id.* "It is clear that due to the privacy expectations of these individuals, especially those who are not parties, injury would result if they were made publicly available." *Id.*

The Court therefore finds that factors (b) and (c) of Local Civil Rule 5.3(c)(3) weigh in favor of granting the motion to seal.

### C. Why a Less Restrictive Alternative to the Relief Sought is Not Available

Defendants do not move to seal the exhibits at issue in their entirety, they seek only to redact and seal confidential business and personal identifying information. Metzger Decl., D.E. 86-4, at ¶¶ 5-9; Fioccola Decl., D.E. 86-2, at ¶ 6. Notwithstanding Plaintiff's argument that

Defendants' proposed redactions are "not reasonably calculated," *see* Index, D.E. 86-3, the Court finds such protection is necessary.  Further, Defendants' proposed redactions are narrowly tailored to only the confidential business and personal identifying information warranting protection.  Consequently, the Court finds a less restrictive alternative to the relief sought by Defendants is not available.

Defendants have therefore met the requirements of Local Civil Rule 5.3(c)(3) and overcome the presumption in favor of public access.  For these reasons, the Court finds good cause to grant the parties' joint motion to seal and the relief requested by Defendants.

IV. **CONCLUSION**

The parties' motion to seal is **GRANTED**.  An appropriate Order accompanies this Opinion.

*s/ Michael A. Hammer*
**UNITED STATES MAGISTRATE JUDGE**

Dated:  September 21, 2021